**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
_____
                                  :
JONATHAN DEVONISH,                :
                                  :      Civil Action
            Plaintiff,            :      10-1866 (JBS)
                                  :
      v.                          :      **O P I N I O N**
                                  :
ATLANTIC COUNTY                   :
JUSTICE FACILITY, et al.,         :
                                  :
            Defendants.           :
_____:
```

**Simandle**, District Judge:

Plaintiff, a pretrial detainee confined at Atlantic County Justice Facility, Mays Landing, New Jersey, seeks to bring this action in forma pauperis, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and will order the Clerk to file the Complaint.[1]

---

[1] Plaintiff's pleadings were executed on an outdated civil complaint form (stating that the filing fee for a civil suit is $120). See Docket Entry No. 1, at 2. Currently, the filing fee associated with initiation of a civil matter is $350. (The civil filing fee increased from $120 to $150 effective November 1, 1997; then increased from $150 to $250, effective March 7, 2005; and finally increased from $ 250 to $ 350, effective April 9, 2006.) Plaintiff's willingness to assume the financial responsibility associated with initiation of this matter under the *currently* existing law automatically ensues from the very fact of Plaintiff's initiation of this matter. See 28 U.S.C. § 1915(b)(1); see also Hairston v. Gronolsky, 2009 U.S. App. LEXIS 22770 (3rd Cir. Oct. 15, 2009) (clarifying that, regardless of

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

Plaintiff names Atlantic County Justice Facility and Lieutenant Hendrick (who, the Court presumes, is employed at the Facility) as Defendants, and asserts, verbatim, as follows:

> L.T. Hendrick is classification supervisor, and from me just coming down off some heavy mental medication, to put me in cell with some body that like two fight everyone who comes inn his cell he did his job impropty which I surstains injuries that I still suffer from still to this day, Gerad L. Gormlzy Justice Facility by law is held responsible for safeguarding our confinement I should have never been put into that cell.  I want the Court to make sure all hospital damages is pay for and tooken care of in and out of the jail now and later on I want to be paid for my pain and suffering and body injuries and that L.T. Hendrick apologizes for putting me in a cell, first, befor checking the person out first.  This all could had been prevented.

Docket Entry No. 1, at 4-5.

## II.  STANDARD OF REVIEW

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89 (2007); Haines v. Kerner, 404 U.S. 519 (1972); United

---

the litigant's willingness or unwillingness to be assessed the filing fee, the litigant's "legal obligation to pay the filing fee [is] incurred by the initiation of the action itself") (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)).

States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  Indeed, it is

long established that a court should "accept as true all of the

[factual] allegations in the  complaint and reasonable inferences

that can be drawn therefrom, and view them in the light most

favorable to the plaintiff."  Morse v. Lower Merion School Dist.,

132 F.3d 902, 906 (3d Cir. 1997).  However, while a court will

accept well-pled allegations as true, it will not accept bald

assertions, unsupported conclusions, unwarranted inferences, or

sweeping legal conclusions cast in the form of factual

allegations.  See id.

Addressing the clarifications as to the litigant's pleading

requirement stated in the United States Supreme Court in Bell

Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals

for the Third Circuit provided the courts in this Circuit with

detailed and careful guidance as to what kind of allegations

qualify as pleadings sufficient to pass muster under the Rule 8

standard.  See Phillips v. County of Allegheny, 515 F.3d 224,

230-34 (3d Cir. 2008).  Specifically, the Court of Appeals

observed as follows:

> "While a complaint . . . does not need detailed
> factual allegations, a plaintiff's obligation [is] to
> provide the 'grounds' of his 'entitle[ment] to relief'
> [by stating] more than labels and conclusions, and a
> formulaic recitation of the elements of a cause of
> action . . . ." Twombly, 127 S. Ct. at 1964-65 . . .
> Rule 8 "requires a 'showing,' rather than a blanket
> assertion, of entitlement to relief." Id. at 1965
> n.3. . . . "[T]he threshold requirement of Rule
> 8(a)(2) [is] that the 'plain statement [must] possess
> enough heft to 'sho[w] that the pleader is entitled to
> relief.'" Id. at 1966.  [Hence] "factual allegations

3

must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3. . . . [Indeed, it is not] sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of the proscribed conduct." Id.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the United States Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Court observed:

[In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. . . . A claim has facial plausibility [only] when the plaintiff pleads factual content . . . . Id. at 556. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [,i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn . . . the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery

4

> [where the complaint alleges any of the elements]
> "generally," [i.e., as] a conclusory allegation
> [since] Rule 8 does not [allow] pleading the bare
> elements of [the] cause of action [and] affix[ing] the
> label "general allegation" [in hope to develop facts
> through discovery].

Iqbal, 129 S. Ct. at 1949-54.

## III. **SECTION 1983 ACTIONS**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory
> . . . subjects, or causes to be subjected, any citizen of
> the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. **DISCUSSION**

### A.   **CLAIMS AGAINST ATLANTIC COUNTY JUSTICE FACILITY**

Here, Plaintiff names Atlantic County Justice Facility as one of the Defendants in this action.  However, the Facility is not an entity cognizable as "person" for the purposes of a § 1983 suit.

See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989); see also Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994).   Therefore, Plaintiff's allegations against this Defendant will be dismissed, and such dismissal will be with prejudice.

**B.   CLAIMS AGAINST LIEUTENANT HENDRICK**

**1.   Application for Injunctive Relief Directing Apology**

With regard to Lieutenant Hendrick, Plaintiff seeks two remedies: (a) monetary damages; and (b) an order directing Hendrick to apologize to Plaintiff.

However, the remedy of "apology" is not cognizable, either withing the meaning of a Section 1983 action or as a general legal remedy that a court has the power to order, under any provision. See Woodruff v. Ohman, 29 Fed. App'x 337, 346 (6th Cir. 2002) ("Here, the district court exceeded its equitable power when it ordered [the defendant] to apologize.   As the Ninth Circuit noted when faced with a similar situation '[w]e are not commissioned to run around getting apologies.'   McKee v. Turner, 491 F. 2d 1106, 1107 (9th Cir. 1974). . . . Neither the district court nor [the plaintiff] cites to any authority, and we have found none, that would permit a court to order a defendant to speak in a manner that may well contravene the beliefs the defendant holds.   [Therefore, w]e conclude that the district court abused its discretion in ordering [the defendant] to issue an apology to [the plaintiff])");

<u>Rumbles v. Hill</u>, 182 F.3d 1064, 1066-67 (9th Cir. 1999) ("The district court correctly held that it had no power to. . . compel a party to apologize"); <u>Norris v. Poole</u>, 2010 U.S. Dist. LEXIS 46242, at *8 (D.S.C. Apr. 19, 2010) ("[Plaintiff] has no legal right to a published apology"); <u>Burkes v. Tranquilli</u>, 2008 U.S. Dist. LEXIS 51403, at *13 (W.D. Pa. July 2, 2008) ("To the extent that Plaintiff's requested relief regarding an apology can be construed as a request for injunctive relief against the Defendants, such a claim for injunctive relief fails to state a claim as a matter of law").

### 2.   Application for Monetary Damages

As noted <u>supra</u>, in addition to Hendrick's apology, Plaintiff also seeks monetary damages.   While such remedy is, indeed, available in a Section 1983 action, Plaintiff's allegations, as drafted, fail to state a viable claim for monetary relief.

Here, the Complaint unambiguously indicates that Plaintiff was assaulted not by Hendrick but rather by rather by another inmate. <u>See</u> Docket Entry No. 1, at 4.   Since Plaintiff's claims against that inmate are not cognizable in a § 1983 action (because these claims would have to be dismissed for failure to meet the color of law requirement), the Court construes Plaintiff's allegations as an attempt to state a failure-to-protect claim against Hendrick.

As a pretrial detainee, Plaintiff is protected by the Due Process Clause of the Fourteenth Amendment.   <u>See</u> <u>Reynolds v. Wagner</u>, 128 F.3d 166, 173 (3d Cir. 1997) (the Due Process Clause

provides protections for pre-trial detainees similar to those protections afforded to sentenced prisoners); see also Bell v. Wolfish, 441 U.S. 520, 544 (1979). The Eighth Amendment sets forth the minimum standard by which claims of pretrial detainees rights should be evaluated.[2] See Bell, 441 U.S. at 544 ("pretrial detainees, who have not been convicted of any crimes, retain at least those constitutional rights that we have held are enjoyed by convicted prisoners"); see also City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983) (a pretrial detainee's due process rights are said to be "at least as great as the Eighth Amendment protections available to a convicted prisoner").

The Eighth Amendment, applicable to the individual states through the Fourteenth Amendment, prohibits the states from

---

[2] The State's incarceration of pretrial detainees (and convicted individuals) comports with due process guarantees because of the State's recognized interests in detaining defendants for trial (and in punishing those who have been adjudged guilty of a crime). The State's exercise of its power to hold detainees and prisoners, however, brings with it a responsibility under the Constitution to tend to essentials of their well-being: "When the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs -- e.g., food, clothing, shelter, medical care, and reasonable safety . . . . The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf." DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200 (1989) (citations omitted). Hence, since pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of "basic human needs."

inflicting "cruel and unusual punishments" on those convicted of crimes.  See Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981).  Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Accordingly, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners."  Farmer, 511 U.S. at 833 (1994) (internal quotations omitted).  "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'"  Id. at 834 (quoting Rhodes, 452 U.S. at 347); see also Alberti v. Klevenhagen, 790 F.2d 1220, 1224 (5th Cir. 1986) ("Where dealing with the constitutionally rooted duty of jailers to provide their prisoners reasonable protection from injury at the hands of fellow inmates, we need not dwell on the differences in rights enjoyed by pre-trial detainees and convicted prisoners or the maturation of prisoners' rights in general.  The same conditions of violence and sexual abuse which constitute cruel and unusual punishment may also render the confinement of pretrial detainees punishment per se) (citation and quotation marks omitted).[3]

---

[3] Thus, for the purposes of a failure-to-protect claim, the same legal standard is applied to the allegations of convicted individuals and pretrial detainees.  See Hare v. City of Corinth, 74 F.3d 633, 639-41 (5th Cir. 1996) (tracing the development of legal standard from Bell to Farmer, and detailing the rationale of intermediary cases, such as Stokes v. Delcambre, 710 F.2d 1120 (5th Cir. 1983), the case that presented one of our first

To successfully state a claim for violation of the Eighth Amendment, an inmate must satisfy both the objective and subjective components of such a claim.  The inmate must allege a deprivation which was "sufficiently serious," and that in their actions or omissions, prison officials exhibited "deliberate indifference" to the inmate's health or safety.  See Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996); accord Nicini v. Morra, 212 F.3d 798, 812 n.10 (3d Cir. N.J. 2000) (citing Qian v. Kautz, 168 F.3d 949, 955-56 (7th Cir. 1999), in support of the conclusion that a "detainee's due process claims judged by Farmer standard").

In contrast, "the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."  Davidson v. Cannon, 474 U.S. 344, 348 (1986); see also Whitley v. Albers, 475 U.S. 312 (1986) (where an inmate filed suit against prison officials alleging that they violated his rights under the Eighth and Fourteenth Amendments by shooting him during the course of their attempt to quell a prison riot, the Court held that the shooting was part and parcel of a good-faith effort to restore prison security and did not violate the inmate's constitutional rights); accord Daniels v. Williams, 474 U.S. 327, 332 (1986); Salazar v. City of Chicago, 940

_____

opportunities to consider the effect of Bell on the failure-to-protect claim of a pretrial detainee who was assaulted by fellow inmates and where the Fifth Circuit concluded that the rights of convicted individuals and pretrial detainees are identical for the purposes of failure-to-protect allegations).

F.2d 233, 238 (7th Cir. 1991) ("The distinction between negligence and gross negligence does not respond to the due process clause's function, which is to control abuses of government power.  A 'gross' error is still only an error, and an error is not an abuse of power.  Since an error by a government official is not unconstitutional, 'it follows that "gross negligence" is not a sufficient basis for liability'") (quoting Archie v. City of Racine, 847 F.2d 1211, 1220 (7th Cir. 1988) (en banc)).

In other words, the defendant's state of mind must be subjectively abusive in the context of a failure-to-protect claim.  See Davidson, 474 U.S. at 348 (concluding that the Due Process Clause was meant to prevent "abusive government conduct"); see also Nicini, 212 F.3d at 812, n.10 ("we note that[,] after Farmer[,] the courts of appeals have shown a tendency to apply a purely subjective deliberate indifference standard").  Therefore, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm," Farmer, 511 U.S. at 833, and that prison officials knew of and disregarded the excessive risk to inmate safety.  Id. at 837.

"A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror."  Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).  "Whether prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in

11

the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that . . . prison official[s] *knew of a substantial risk* from the very fact that the risk was obvious."   <u>Farmer</u>, 511 U.S. at 842 (emphasis supplied). Therefore, a valid claim asserting deliberate indifference must state facts indicating more than a mere lack of ordinary due care, <u>i.e.</u>, the plaintiff must assert facts showing that the defendant had a state of mind equivalent to, at least, a reckless disregard of subjecting the plaintiff to a *known* risk of harm.   <u>See</u> <u>id.</u> at 834.

Applying this test to the instant action, the question is whether Plaintiff has alleged facts showing that, at the time of having Plaintiff placed in the cell with his alleged assailant, Hendrick knew but deliberately (or, at the very least, recklessly) disregarded information indicating that Plaintiff faced a substantial risk of assault by his cellmate as a result of such placement.

Here, the Complaint, as drafted, fails to state any facts to that effect.   Indeed, no statement included in the Complaint shows that Hendrick was aware of any risk of assault.   Rather, the Complaint strongly suggests that Hendrick was unaware of the risk. <u>See</u> Docket Entry No. 1, at 5 (alleging that Hendrick could have learned of the alleged assailant's dangerous propensities only if

Hendrick "check[ed] the person out first").[4]  This is equivalent to claiming that Hendrick did not have knowledge of the cellmate's danger, and that he was negligent in not being more careful by checking on the cellmate's background before assigning Mr. Devonish to that particular cell.

Consequently, Plaintiff's claims against Hendrick (seeking damages for Plaintiff's alleged physical injuries and suffering) shall be dismissed, because he is only claiming that Hendrick was negligent, not that he was deliberate.  That being said, since the Court cannot rule out the possibility that Plaintiff was aware of but, somehow, omitted to state the facts showing that, at the time of having Plaintiff placed in the cell with his alleged assailant, Hendrick knew the information indicating that Plaintiff faced a substantial and particular risk of assault as a result of such placement but recklessly disregarded that risk, the Court finds it prudent to allow Plaintiff an opportunity to cure his allegations against Hendrick by re-pleading, if he is factually able to do so. Therefore, the Complaint will be dismissed without prejudice to that effect.  See Foman v. Davis, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith . . . , repeated

---

[4] In other words, the Complaint, at most, suggests that Hendrick was negligent in failing to investigate the propensities of the inmates held under his supervision.

13

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given'"); <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (3d Cir. 1993); <u>see also</u> <u>Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands</u>, 663 F.2d 419, 425 (3d Cir. 1981).

## IV. **CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff's application to file the Complaint without prepayment of the filing fee and will dismiss the Complaint. Such dismissal will be with prejudice with regard to Plaintiff's claims against Atlantic County Justice Facility and also with regard to his claims against Defendant Hendrick that are seeking Hendrick's apology.

Plaintiff's claims against Hendrick seeking pecuniary damages will, however, be dismissed without prejudice, and Plaintiff will be allowed an opportunity to amend his instant Complaint with regard to these claims. In the event Plaintiff elects to file an amended complaint to that effect, Plaintiff must do so within thirty days from the date of entry of the Order accompanying this Opinion,[5] and he shall clearly articulate the facts upon which he

---

[5] Pursuant to the prison mailbox rule, a <u>pro se</u> inmate's submission is deemed filed on the date (s)he delivers it to prison officials for mailing to the district court, not on the date the submission is received by the court. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988); <u>Longenette v. Krusing</u>, 322 F.3d 758, 761 (3d Cir. 2003); <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 191 (3d Cir. 1996).

bases his conclusion that Hendrick knew the information indicating that Plaintiff faced a substantial risk of assault as a result of having his assailant placed in Plaintiff's cell but deliberately disregarded that risk.  See Iqbal, 129 S. Ct. at 1949-54; see also Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005) ("it should not prove burdensome for a plaintiff . . . to provide . . . some indication of the [facts] that the plaintiff has in mind"); accord Kaplan v. United States Office of Thrift Supervision, 104 F.3d 417, 423 (U.S. App. D.C. 1997) (allegations that the defendant should have, somehow, surmised that "something was rotten in the state of Denmark" are insufficient).

An appropriate Order accompanies this Opinion.

**July 29, 2010**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge

15